1  RICHARD R. TERZIAN, State Bar No. 030300
   rterzian@bftlegal.com@bftlegal.com
2  KRISTIN A. PELLETIER, State Bar No. 155378
3  kpelletier@bftlegal.com
   DANIEL S. IMBER, State Bar No. 185425
4  dimber@bftlegal.com
5  BANNAN, FRANK & TERZIAN LLP
   555 S. Flower Street, Suite 2700
6  Los Angeles, California  90071
7  Telephone (213) 362-1177
   Facsimile (213) 362-1188
8
9  Attorneys for Defendants
   City of Pasadena, Pasadena Police Department
10 and Bernard K. Melekian

FILED

2008 MAY 22  PM 2: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY _____

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15  KARIN WHITE, an individual,          )  Case No.
                                         )
16              Plaintiff,               )  CV08-03390 PSWL (JWJx)
                                         )
17                                       )  NOTICE OF REMOVAL OF
        vs.                              )  CIVIL ACTION TO UNITED
18                                       )  STATES DISTRICT COURT
    CITY OF PASADENA, a governmental     )  UNDER    28 U.S.C. § 1441
19  entity, CITY OF PASADENA POLICE      )
    DEPARTMENT, a governmental entity,   )
20  BERNARD K. MELEKIAN, an individual   )
    and DOES 1 through 100, Inclusive,   )
21                                       )
22              Defendants.              )

23

24      PLEASE TAKE NOTICE that defendants City of Pasadena,

25  Pasadena Police Department and Bernard K. Melekian (collectively

26  "Defendants") hereby remove the above-entitled action from the Superior

27  Court of the State of California for the County of Los Angeles to the United

28  ///

                                1

1  States District Court for the Central District of California pursuant to 28
2  U.S.C. § 1441(b) and alleges as follows:

### TIMELINESS OF REMOVAL

4      1.    On May 2, 2008, an action was filed in the Superior Court of the
5  State of California for the County of Los Angeles entitled <u>Karin White v. City</u>
6  <u>of Pasadena, et al.</u>, bearing Case No. BC390107.  Defendants were served
7  with the Summons and Complaint on May 12, 2008 and they filed an
8  Answer in Superior Court on May 20, 2008.  Thirty days since said first
9  service have not yet expired.

### FEDERAL QUESTION

11      2.    The removal is based on a claim arising under federal law in
12  that the fifth cause of action in said Complaint is based on alleged violation
13  of Plaintiff's federal constitutional rights under the First and Fourteenth
14  Amendments pursuant to 42 U.S. Code § 1983.  The United States District
15  Court for the Central District of California has acquired jurisdiction under 28
16  U.S. Code § 1331 and this action may be removed pursuant to 28 U.S.
17  Code § 1441(b).  All other causes of action are transactionally related to
18  said fifth cause of action in that they all arise out of Plaintiff's employment
19  by Defendant City of Pasadena in its Police Department and her
20  termination therefrom.  In substance Plaintiff alleges she was the victim of
21  discrimination and harassment based on disability and retaliation for
22  exercise of First Amendment rights in violation of State and Federal law.

23      WHEREFORE, Defendants file this Notice of Removal of this action
24  from the aforesaid Superior Court, in which it is now pending, to the District
25  Court of the United States for the Central District of California located in the
26  United States Courthouse at 312 North Spring Street, Los Angeles,
27  ///
28  ///

2

1   California 90012-4793.  There is attached to this Notice, marked as Exhibit

2   "A" and incorporated herein by reference, a copy of all process and

3   pleadings received and served by Defendants.

4         WHEREFORE, Defendants pray that this action be removed from the

5   Superior Court of the State of California for the County of Los Angeles to

6   the United States District Court for the Central District of California.

7

8   DATED:  May 22 2008         RICHARD R. TERZIAN
                                KRISTIN A. PELLETIER
9                               DANIEL S. IMBER
10                              BANNAN, FRANK & TERZIAN LLP

11

12                       By_____

13                              Richard R. Terzian
14                              Attorneys for Defendants
                                City of Pasadena,
15                              Pasadena Police Department
16                              and Bernard K. Melekian

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

*Hand delivered*

RECEIVED

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PASADENA, a governmental entity, CITY OF
PASADENA POLICE DEPARTMENT, a governmental entity,
BERNARD K. MELEKIAN, an individual, and DOES 1
through 100, inclusive

RECEIVED 2008 MAY 12  A9:02

08 MAY 12  NO 3601

CITY ATTORNEY
CITY OF PASADENA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KARIN WHITE, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 02 2008

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
D.M. SWAIN

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>CENTRAL DISTRICT | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC390107 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard A. Love (#61944)                        (310) 477-2070   (310) 477-3922
LAW OFFICES OF RICHARD A. LOVE
11601 Wilshire Blvd., Ste. 2000
Los Angeles, CA 90025

DATE:                                    Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* City of Pasadena

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):* governmental entity
4. ☑ by personal delivery on *(date):* 5/2/08

Form Adopted for Mandatory Use
Judicial Council of California

Page 1 of 1

Legal

Code of Civil Procedure §§ 412.20, 465

LAW OFFICES OF RICHARD A. LOVE
RICHARD A. LOVE (#61944)
11601 Wilshire Boulevard, Suite 2000
Los Angeles, California 90025
Telephone:    (310) 477-2070
Facsimile:    (310) 477-3922

Attorneys for Plaintiff
KARIN WHITE

**CONFORMED COP**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 0 2 2008

John A. Clarke, Executive Officer/Cle

By_____ Dep
D.M. SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KARIN WHITE, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CITY OF PASADENA, a governmental entity, CITY OF PASADENA POLICE DEPARTMENT, a governmental entity, BERNARD K. MELEKIAN, an individual and DOES 1 through 100, Inclusive,<br><br>                    Defendants. | CASE NO.:  BC390107<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>(1)   DISABILITY DISCRIMINATION;<br><br>(2)   FEHA RETALIATION;<br><br>(3)   DISABILITY HARASSMENT;<br><br>(4)   RETALIATION UNDER LABOR CODE §1102.5;<br><br>(5)   CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

<u>PARTIES</u>

1.     Plaintiff Karin White ("plaintiff") at all relevant times herein was a resident of the County of Los Angeles, State of California.

2.     Plaintiff is informed, believes, and based thereon alleges that defendant City of Pasadena ("City") is a governmental entity in the State of California, with a principal place of business at 100 North Garfield Avenue, Pasadena, California.

5

1

3.      Plaintiff is informed, believes, and based thereon alleges that defendant City of Pasadena Police Department (the "Police Department") is a governmental entity of and for the City of Pasadena, with a principal place of business located at 207 North Garfield Avenue, Pasadena, California.

4.      Plaintiff is informed, believes, and based thereon alleges that defendant Bernard K. Melekian ("Melekian") is an individual residing within the County of Los Angeles, and at all times relevant herein was the Chief of the City of Pasadena Police Department.

5.      The true names, identities and/or capacities of the defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to plaintiff, who therefore sues said defendants by such fictitious names.  When the true names, identities, and/or capacities of these defendants are known, plaintiff will seek leave of Court to amend this Complaint.

6.      Plaintiff is informed,  believes, and based thereon alleges, that defendants, and each of them, were the employees, agents, servants, supervisors, officers and/or directors of each and every other defendant, and in doing the things alleged herein were acting within the course, scope and  authority of such agency, supervision and/or employment.

7.      Plaintiff is further informed, believes, and based thereon alleges, that the acts, omissions, and things complained of herein were done by the agents, servants, employees, officers and/or directors of defendants, and each of them, and were authorized,  directed, approved and ratified by defendants within the County of Los Angeles.

////

////

////

////

////

2

1

## OPERATIVE FACTS

2    Plaintiff's Background.

3         8.      Plaintiff is a 44 year old African American female.

4

5         9.      On or about December 23, 1987 plaintiff gave birth to a son.  Plaintiff severed her

6    relationship with the father (hereafter "Anthony") prior to knowing she was pregnant, never

7    married or lived with him, and raised her son on her own, as a single mother.

8

9    Plaintiff's Employment with Pasadena Police Department.

10        10.     On or about July 1, 1996 plaintiff was sworn as a law enforcement officer with

11   defendant Police Department.  Plaintiff worked for defendants as a patrol officer until July, 2003,

12   when after eight years she was transferred to "Community Relations", a coveted position within

13   the Police Department.

14

15   Plaintiff's On-Duty Orthopedic Injuries.

16        11.     On or about March 7, 1998 plaintiff was on-duty, on patrol.  While subduing a

17   criminal suspect she suffered a right knee injury.  Subsequently, on or about June 8, 1998 her

18   right knee was surgically repaired, following which she was medically released to normal duties.

19

20        12.     On or about June 29, 2000, and while plaintiff was on-duty,  a car collided with

21   plaintiff's patrol vehicle, and plaintiff suffered a right wrist fracture, further injury to her knees

22   and other injuries.  Subsequently, on or about April 4, 2001 plaintiff's left knee was surgically

23   repaired, following which she was released to her normal duties.

24

25   Diagnosis of Relapsing/Remitting Multiple Sclerosis.

26        13.     In or about November, 1998 plaintiff noticed transitory physical  symptoms which

27   included a momentary loss of equilibrium, lack of eye control, radiating pain in her right leg, and

28   an episode of semi-paralysis which lasted for several seconds. Plaintiff had never experienced

7

3

1    similar symptoms, and was examined by a neurologist, who:

2         a.      Diagnosed plaintiff as having relapsing/remitting Multiple Sclerosis,

3    which is characterized by a clearly defined flare-up, followed by remission of the symptoms, and

4    which is controlled through medication;

5         b.      Informed plaintiff she was fit and able to continue her regular duties as a

6    patrol officer with the Police Department without limitation or the need for accommodation;

7         c.      Recommended plaintiff inform defendants, her employer, of the symptoms

8    and diagnosis, so it would not be a surprise for, or cause for alarm by, defendants if the

9    symptoms reappeared or "flared up".

10

11   14.    In November, 1998, within a few days of the physician's diagnosis and  following

12   her physician's recommendation, plaintiff informed her immediate superiors about the remitting

13   Multiple Sclerosis diagnosis, and the fact she was then physically fine, and cleared by her

14   physician to work her normal duties without limitation or accommodation.

15

16   15.    After November, 1998, and to the present, plaintiff has not suffered from or

17   exhibited any symptoms of Multiple Sclerosis, has not suffered from any debilitating flare-ups of

18   the symptoms or disease, which has not impaired or interfered with her ability to work as a law

19   enforcement officer for defendants.

20

21   <u>Defendants' Efforts to Terminate Plaintiff's Employment Due to Perceived Disability(ies)</u>.

22   16.    Plaintiff is informed, believes, and based thereon alleges that subsequent to

23   November, 1998 defendants entered into a pattern or plan of discrimination and harassment

24   against plaintiff by attempting to force plaintiff to resign, or to terminate plaintiff, from

25   employment with defendants, all due to the incorrect assumption or perception, and prejudice, by

26   defendants that plaintiff suffered from or had a disability due to (i) the November, 1998 flare up

27   and diagnosis of relapsing/remitting Multiple Sclerosis, and/or (ii) the orthopedic injuries, in

28   general, or the surgically repaired injuries to her knee(s), in particular.

4

17.   <u>First Attempt: Request to Resign</u>. In November, 1998, and immediately after plaintiff returned to work and informed defendants of the relapsing remitting Multiple Sclerosis diagnosis, defendants began requesting that plaintiff to resign her position as a sworn law enforcement officer:

      a.   Upon plaintiff's return to work, Commander Richard Law told plaintiff that at the direction of the Deputy Chief plaintiff would be taken off patrol, and put on the public counter at the police station ". . . to give opportunity to see how the illness worked for her", and asked her to think about being a jailer, an unsworn position, to which plaintiff replied she was not interested;

      b.   Within days of plaintiff's return to work, Commander Marilyn Diaz spoke to plaintiff: Commander Diaz asked plaintiff "how she was doing," when in fact there was nothing wrong with plaintiff; Commander Diaz stated that ". . . .we [defendants] have a proposition for you, we thought it would be best if you quit and became a jailer" and that ". . . we want you to step down as an officer, you can become jailer-supervisor after a time;" when plaintiff stated she was not interested in the suggestion, Commander Diaz stated "just think about it;"

      c.   Within a week of plaintiff's return to work, Lieutenant Phalante Riddle requested plaintiff come into the office, and stated to plaintiff: "we [defendants] have some concerns"; that "we're thinking about your health and well being;"and "we thought it would be best if you [plaintiff] stepped down and became jailer." Plaintiff responded she was not going to do it [step down] and stated that she wished ". . . you guys would stop asking me to do that."

18.   Plaintiff was kept at the public counter for about three months, and in February, 1999 was returned to patrol duty.

19.   <u>Second Attempt: Request to Resign</u>. In or about Spring, 2001 Commander Diaz again asked plaintiff to resign her position as a sworn officer, and take an unsworn custody position of employment with defendants. When plaintiff again refused to resign, plaintiff was

1   asked if she would consider retirement from the Police Department, which likewise plaintiff

2   refused.

3

4       20.    <u>Third Attempt: Attempted Forced Psychiatric Retirement</u>. During the summer of

5   2001 Commander Diaz, without reason or explanation, ordered plaintiff to take a psychiatric

6   examination.  Plaintiff complied with the order.  Subsequent to that examination:

7       a.    On or about September 11, 2001 - and with no valid psychiatric or

8   physical reason, diagnosis or basis - defendants placed plaintiff on involuntary administrative

9   leave and attempted to force plaintiff into an involuntary "psychiatric" retirement, which to

10  plaintiff and any law enforcement officer was a professional disgrace, destroyed plaintiff's

11  reputation, and would strip plaintiff of her career, her peace officer credentials and her right to

12  carry a firearm;

13      b.    Plaintiff disputed, resisted, and fought the defendants attempt to force a

14  psychiatric retirement.  Plaintiff prevailed, since there was no psychiatric problem or basis for

15  such a retirement, and she was returned to active employment and her patrol duties in or about

16  January, 2002.

17

18      21.    <u>Fourth Attempt: Involuntary Medical Retirement for Orthopedic Injuries</u>  On or

19  about April 26, 2002 the Police Department initiated an involuntary medical retirement

20  procedure against plaintiff, based upon her prior orthopedic injuries, in general, and particularly

21  the surgically repaired injuries to her knees.  The medical retirement procedure was terminated

22  only after defendants' own examining orthopedic specialist in June, 2002 found plaintiff to be

23  physically fit for duty.

24

25      22.    <u>Fifth Attempt: Illegal Use and Disclosure of Recorded Wiretap Conversations</u>

26  Between the birth of plaintiff's son in December, 1987 and 2002, Anthony had  little if any

27  interaction with his son.  In September, 1993 plaintiff obtained a Court order for child support

28  payments which Anthony seldom if ever made.  Prior to June, 2002 Anthony would only

sporadically visit plaintiff's son, and seldom when plaintiff was present.

23.    In June, 2002, Anthony unexpectedly appeared at the eighth grade graduation of plaintiff's son, who then stated he wanted to spend time with and get to know Anthony, his biological father.  Beginning in June, 2002 plaintiff's son was allowed to occasionally spend a night at Anthony's house, and by July, 2003 her son spent alternating weeks with Anthony.

24.    In July, 2003, and after seven years in defendants' employ, plaintiff was able to transfer to a coveted "Community Relations" position with defendants.

25.    Unknown to plaintiff at the time, plaintiff is informed, believes, and based thereon alleges that in 2003 Anthony was the target of a criminal investigation by a government agency (the "Agency"), in conjunction with other law enforcement agencies, of an alleged nationwide conspiracy to traffic in illegal narcotics

26.    Plaintiff is informed, believes, and based thereon alleges that on or about July 14, 2003 defendants were notified by the Agency that:

        a.    Anthony was the target of multi-state, multi-kilo cocaine trafficking ring narcotics investigation by the Agency in conjunction with other agencies;

        b.    In April, 2003 the Agency began a wiretap of Anthony's telephones, and recorded his telephone conversations;

        c.    Plaintiff had been recorded speaking with Anthony in several wiretapped telephone conversations;

        d.    Plaintiff was not a subject or target of the Agency's narcotics investigation of Anthony and others.

27.    Plaintiff is informed, believes, and based thereon alleges that on or about August 3, 2003 Anthony was arrested in Southern California for narcotics trafficking, was transported to

the East Coast for Federal prosecution, and ultimately received a Federal sentence of life imprisonment without possibility of parole.

28.     Plaintiff is informed, believes, and based thereon alleges that on or about September 10, 2003 defendants received an initial CD-Rom from the Agency which contained recorded telephone conversations between plaintiff and Anthony from the wiretap of Anthony. Plaintiff is informed, believes, and based thereon alleges that in total, defendants received recordings and/or transcripts of approximately 29 recorded private telephone conversations between Anthony and plaintiff (the "recorded conversations"):

a.     The conversations were recorded between April, 2003 and July, 2003 from the Agency wiretap on Anthony's telephones as part of the narcotics investigation of Anthony and others;

b.     Of the recorded conversations, over half were only of one to two minutes duration, or less;

c.     Plaintiff was never a suspect in or subject of the Agency criminal investigation of Anthony or others, and was totally unaware of any alleged criminal activities by Anthony, and did not consent to any wiretapping, recording, or use of any conversations she had with Anthony;

d.     During the June, 2003 through August, 2003 time frame: Anthony owed plaintiff over $30,000 in past due child support; plaintiff was sharing custody of her son with Anthony; and plaintiff would from time to time speak to Anthony concerning her son, his schooling, his schedule, and his care;

e.     Plaintiff is informed, believes, and based thereon alleges that neither she nor Anthony ever gave the Agency, or defendants, the authority, right or permission to listen to, record, review, use or publish the recorded conversations between plaintiff and Anthony which were turned over to defendants by Agency;

f.     Plaintiff was never the subject of any criminal investigation by defendants.

12

8

29.     On or about September 16, 2003 defendants began an administrative Internal Affairs ("IA") investigation of plaintiff allegedly based on the recorded conversation from the Agency wiretap of Anthony, and the review, use, and disclosure of the recorded conversations.

30.     On or about June 3, 2004 plaintiff was notified she was the subject of an IA investigation by defendants.  Subsequently, plaintiff was interviewed by investigators of defendants' Internal Affairs Bureau on June 23, 2004 and again on August 3, 2004.

31.     On or about August 18, 2004 defendants yet again placed plaintiff on administrative leave, required plaintiff to turn in her badge and gun, and made formal "findings" on false, unfounded, pretextual charges against plaintiff which were:

a.      Charge #1 that plaintiff had associated with a known felon and fugitive was stated to be "sustained" by defendants;

b.      Charge #2 that plaintiff had concealed the whereabouts of a known felon and fugitive was stated to be "sustained" by defendants;

c.      Charge #3 that plaintiff had received "ill-gotten money" from a felon was stated to be "not sustained";

d.      Charge #4 that plaintiff had made false statement to a governmental agency was stated to be "sustained" by defendants;

e.      Charge #5 that plaintiff had made "false and misleading statements" during the course of the investigation was stated to be sustained by defendants.

32.     The allegations of the charges brought by defendants against plaintiff were false. Plaintiff is informed, believes, and based thereon alleges defendants knew the charges against plaintiff were false, or made the false charges with reckless disregard for the truth, and that the charges were based in whole or in major part on the tape recordings which defendants used, reviewed, and disclosed both internally and to third parties.

33.     Subsequently, defendants took the following actions based upon the wire tap conversations, and the false charges and false findings:

a.      On or about September 9, 2004 the recommendations, investigative materials, and the summaries and contents of the recorded conversations were presented and published to defendants' "Disciplinary Review Board" at a closed hearing;

b.      On or about September 10, 2004 the notice of proposed disciplinary action against plaintiff was prepared, in which defendants recommended plaintiff's termination from employment;

c.      On or about September 14, 2004 plaintiff was called into the police station, where defendants served plaintiff with the notice of proposed disciplinary action.

34.     On or about November 2, 2004, and based upon defendants' false charges and false findings, all of which followed and were the continuing result of defendants' use and publication of the tape recorded conversations between plaintiff and Anthony, plaintiff was terminated from employment with defendants.

35.     Plaintiff objected to her termination, and pursued her administrative remedies. On or about May 20, 2005, the arbitrator in her administrative hearing ruled:

a.      Defendants violated federal wiretap laws (18 U.S.C. §2510 et seq.), California wiretap laws (Cal. Pen. Code §629.50 et seq.) and California's Invasion of Privacy Act (Cal. Pen. Code §630 et seq.) in their possession and attempted use in the disciplinary proceedings of the recorded conversations between plaintiff and Anthony which were the result of criminal investigation which did not involve plaintiff, and therefor based upon the California statutes evidence of the recorded conversations must be suppressed;

b.      Defendants were barred from dismissing plaintiff based upon alleged facts or evidence from the recorded conversations because of the running of the one year statute of limitations of the Peace Officers Bill of Rights, Government Code §3204(d);

c.      Defendants violated the Peace Officer's Bill of Rights (Gov. Code §3308)

14

1  by attempting to improperly compel the disclosure of plaintiff's financial affairs without

2  compliance with state law, and the alleged evidence of any financial information should be

3  suppressed.

4

5      36.    On or about June 28, 2005 plaintiff was advised that defendants accepted the

6  arbitrator's determination that plaintiff be reinstated, with full back pay.  On or about July 7,

7  2005 plaintiff was reinstated as a police officer with defendants, and returned to work on or about

8  July 15, 2005.

9

10     37.    From July 15, 2005, until her termination in or about August, 2007 (infra) the

11 Police Department continued to discriminate against plaintiff in the terms and conditions of

12 employment.

13

14 Sixth Attempt: Litigation and June 25, 2006 Attempted Suicide by Plaintiff's Son.

15     38.    On or about December 15, 2005 plaintiff filed a civil action against the City and

16 Police Department as Los Angeles Superior Court, Case No. BC344647 (the "civil action"

17 seeking damages for disability discrimination and harassment, and for violation of her privacy

18 rights under Penal Code §§631(a), 632.7 as a result of the November 2, 2004 termination and the

19 Department's conduct prior to December 15, 2005.  Prior to and after the filing of the civil

20 action, plaintiff continued to be harassed by the Department in her daily work as an officer.

21

22     39.    On or about June 25, 2006 plaintiff suffered an off-duty injury, at home, when she

23 was shot in the face while preventing her son from committing suicide with a handgun.  Plaintiff

24 was in a medically induced coma and completely unable to speak for about a week, had her jaw

25 wired shut for several weeks, and she ultimately completely recovered from the gunshot wound.

26 The Los Angeles Sheriff's Department investigated, and closed the investigation as an

27 "attempted suicide" by plaintiff, which was demonstrably wrong.

28

40.     On or about December 27, 2006, and after admitting publicly and to plaintiff that the Police Department knew plaintiff did not attempt to kill herself, the Department initiated yet another IA investigation against plaintiff, falsely claiming plaintiff made false statements to the Los Angeles County Sheriff's Department investigators, and to the Police Department, concerning the June 25, 2006 shooting incident in which plaintiff was wounded.  The IA "investigation" was completed, including the interview of plaintiff, no later than February 21, 2007, yet defendants took no action at that time.

41.     The trial of plaintiff's civil action against the City and Police Department began around March 8, 2007.  On April 2, 2007 the jury returned its Special Verdict: the jury found for City and Police Department on the First Cause of Action (Disability Discrimination) and Second Cause of Action (Disability Harassment); the jury found for plaintiff on the Third Cause of Action for violation of right of privacy under Penal Code §§631(a), 632.7, and found plaintiff's damages to be $1,000,000, which by statute was to be trebled.  On April 25, 2007 a Judgment was entered in plaintiff's favor, against the City and the Police Department, in the amount of $3 million.  On June 14, 2007 the Court heard and denied all post-trial motions, with the exception it purported to indicate an intent to grant a new trial on damages, unless plaintiff accepted a remittitur to $150,000 in damages, which would be trebled for a reduced judgment of $450,00, but never entered a written order to that effect.  Plaintiff did not accept the remittitur, and on July 11, 12, 2007 both the City and Police Department, and plaintiff, filed notices of appeal.

42.     On or about June 27, 2007, and immediately after the hearing on the post-trial motions in plaintiff's civil action, the Police Department initiated the formal paperwork to terminate plaintiff's employment.

43.     On or about August 30, 2007 defendants terminated plaintiff's employment with the Police Department.

Continuing Violation.

44.    Plaintiff is informed, believes, and based thereon alleges the conduct by defendants, and each of them as set forth above, in continually requesting plaintiff to resign, or attempting to force plaintiff to resign, or in attempting to terminate and terminating plaintiff, constitutes a continuing violation, in that the conduct is part of a systematic, intentional and/or condoned course of discriminatory conduct by defendants:

a.    Specifically directed against plaintiff, an individual perceived by defendants as having a disability; and/or

b.    To engage in a pattern and/or practice of impermissibly discriminating in the terms and conditions of employment against individuals with perceived disabilities, including plaintiff; and/or

c.    To engage in a practice of impermissibly harassing plaintiff due to her perceived disability, and attempting to force plaintiff to quit or terminate her employment with defendants.

Administrative Claims.

45.    On or about September 11, 2007 plaintiff filed complaints of discrimination, retaliation and harassment against defendants under and pursuant to California Government Code §§12926(k), 12926.1, 12940 with the California Department of Fair Employment and Housing ("DFEH") which on September 12, 2007 issued plaintiff her "right to sue" letters.

46.    On or about December 12, 2007 plaintiff filed a clam for tort damages pursuant to California Government Code §910 et seq. with the City and Police Department, which claims were denied, by operation of law, on or about January 27, 2008.

////

////

////

////

# FIRST CAUSE OF ACTION

(Employment Discrimination [Physical Disability -

Gov. Code §§12926(k), 12926.1, 12940(a)] Against Defendants City and Police Department)

47.     Plaintiff refers to the allegations of paragraphs 1 through 46, inclusive of this Complaint, and by such reference incorporates the same as if fully set forth at length herein.

48.     From the time of plaintiff's return to work in July, 2005, plaintiff had been subjected to further discrimination and harassment by her superiors in their criticism, critique, and evaluation of her job performance, and unfounded disciplinary actions.

49.     Throughout the entire time she was employed by defendants, plaintiff performed her assigned job duties in an exemplary manner, and was never counseled, reprimanded or warned that her work did not meet or exceed defendants' work standards, both for maintaining her employment and for promotion.

50.     Multiple Sclerosis.  Plaintiff is informed, believes, and based thereon alleges that at the time defendants terminated plaintiff, plaintiff had a November, 1998 diagnosis of relapsing/remitting Multiple Sclerosis, which:

      a.     Defendants perceived or mistakenly believed was a physical disability;

      b.     Was not a condition which would create or impose a job-related health risk or job limitation(s) to plaintiff;

      c.     Did not impair plaintiff's effective performance of her job duties;

      d.     Did not require accommodation, reasonable or otherwise.

51.     Orthopedic Injuries.  Plaintiff is informed, believes, and based thereon alleges that at the time defendants terminated plaintiff, plaintiff had prior orthopedic injuries suffered on-duty, and subsequently surgically repaired, which:

      a.     Defendants perceived or mistakenly believed constituted a physical

1    disability;

2           b.      Was not a condition which would create or impose a job-related health

3    risk or job limitation(s) to plaintiff;

4           c.      Did not impair plaintiff's effective performance of her job duties;

5           d.      Did not require accommodation, reasonable or otherwise.

6

7    52.     Plaintiff is informed, believes, and based thereon alleges that at the time of

8    plaintiff's termination from employment defendants knew, or in the exercise of reasonable care

9    should have known:

10          a.      Plaintiff performed her job duties well, and without physical or mental

11   limitation, and was a qualified police officer with no history of any job performance issues;

12          b.      Plaintiff's physical condition(s) did not prevent or impair plaintiff's

13   performance of the normal and customary job duties which she had performed for defendants

14   since November, 1998 without limitation;

15          c.      If defendants had a legitimate concern over plaintiff's physical condition,

16   defendants had an obligation and duty to reasonably, and in good faith, undertake a dialogue with

17   plaintiff to identify or determine if plaintiff had an actual physical disability, and to inform

18   plaintiff of, and to provide, a reasonable accommodation for any actual or perceived physical

19   disability;

20          d.      Defendants had, and continued to have, a need for a person of plaintiff's

21   job skills and abilities.

22

23   53.     Plaintiff is informed, believes and based thereon alleges that defendants:

24          a.      Terminated plaintiff in whole or in substantial part because of the false or

25   erroneous assumption or perception that plaintiff suffered from, or would in the future suffer

26   from, one or more physical disabilities; and/or

27          b.      Violated and breached defendants' pattern, practice and/or policy, as

28   actually applied and implemented by defendants, of accommodating injured workers; and/or

15   19

     c.     Denied plaintiff reinstatement to her coveted position in Community Relations upon her reinstatement on July 14, 2005.

54.    Plaintiff is informed, believes, and based thereon alleges the conduct by defendants, and each of them, since November, 1998 in attempting to force plaintiff's termination, and in actually terminating plaintiff, constitutes a continuing violation, in that the conduct is part of a systematic, intentional and/or condoned course of discriminatory conduct by defendants:

     a.     Specifically directed against plaintiff, an individual whom defendants perceived as having a disability; and/or

     b.     To engage in a pattern and/or practice of discriminating against persons with actual or perceived disabilities, which includes plaintiff.

55.    The conduct of defendant alleged herein constitutes discrimination based upon a perceived physical disability,  an unlawful employment practice in violation of the California Fair Employment and Housing Act, Government Code §§12926(k), 12926.1, 12940(a).

56.    As a direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered general and special damages, including past and future lost wages and earnings, all in a sum in excess of the jurisdictional limits of this Court, according to proof.

57.    As a further direct and proximate result of defendants' conduct,  plaintiff has suffered mental and emotional pain, suffering, depression, anxiety, nervousness, insomnia and other mental distress, all to her damage in a sum according to proof.

58.    As a further direct and proximate result of defendants' conduct, plaintiff has been required to retain legal counsel, all of which entitles plaintiff to an award of attorney's fees in a sum according to proof.

## SECOND CAUSE OF ACTION

(Employment Retaliation [Physical Disability -

Gov. Code §§12926(k), 12926.1, 12940(h)] Against Defendants City and Police Department)

59.     Plaintiff refers to the allegations of paragraphs 1 through 46, inclusive of this Complaint, and by such reference incorporates the same as if fully set forth at length herein.

60.     Plaintiff is informed, believes, and based thereon alleges that the acts and conduct of defendants, as set forth above, and particularly her termination on August 30, 2007, were due to and because of plaintiff filing, pursuing, and testifying in the December 15, 2005 civil action for disability discrimination and disability harassment against defendants City and Police Department, all of which constituted unlawful retaliation against plaintiff for asserting her right to be free from discrimination and harassment due to a perceived disability.

61.     Plaintiff is further informed, believes, and based thereon alleges the acts and/or conduct constituting the unlawful harassment were done by: officers, directors and/or supervisors of defendants; co-employees, with the actual knowledge of defendants, who failed and/or refused to take any immediate and appropriate corrective action.

62.     As a direct and proximate cause of defendants' conduct as alleged herein, plaintiff was repeatedly denied promotions or advancement with defendants, her working conditions deteriorated, and she was terminated from her employment, all to plaintiff's detriment.

63.     As a direct and proximate cause of defendants' conduct, plaintiff has been injured and suffered damages, including, but not limited to, severe and extreme emotional distress, including humiliation, embarrassment, anger, disappointment, and worry, all to her detriment in an amount according to proof, in excess of the jurisdictional limits of this Court.

////

////

21

64.     As a further direct and proximate cause of defendants' conduct, plaintiff has been injured and suffered damages, including, but not limited to, past and future employment and employment opportunities, including opportunities for advancement, all to her detriment in an amount in excess of the jurisdictional limits of this Court, according to proof.

### THIRD CAUSE OF ACTION

(Employment Harassment [Physical Disability -

Gov. Code §§12926(k), 12926.1, 12940(j)(1)] Against All Defendants)

65.     Plaintiff refers to the allegations of paragraphs 1 through 46, inclusive of this Complaint, and by such reference incorporates the same as if fully set forth at length herein.

66.     Plaintiff is informed, believes, and based thereon alleges that the acts and conduct of defendants, as set forth above, constituted unlawful harassment of plaintiff based upon and due to her actual or perceived physical disability(ies).

67.     Plaintiff is further informed, believes, and based thereon alleges the acts and/or conduct constituting the unlawful harassment were done by: officers, directors and/or supervisors of defendants; co-employees, with the actual knowledge of defendants, who failed and/or refused to take any immediate and appropriate corrective action.

68.     As a direct and proximate cause of defendants' conduct as alleged herein, plaintiff was repeatedly denied promotions or advancement with defendants, and her working conditions deteriorated, all to plaintiff's detriment, including: denying higher compensation for positions for which plaintiff was and is qualified with defendants; making it increasingly difficult for plaintiff to perform her employment duties; causing plaintiff severe emotional distress, and illness; forcing or attempting to terminate plaintiff's employment with defendants.

////

////

69.    As a direct and proximate cause of defendants' conduct, plaintiff has been injured and suffered damages, including, but not limited to, severe and extreme emotional distress, including humiliation, embarrassment, anger, disappointment, and worry, all to her detriment in an amount according to proof, in excess of the jurisdictional limits of this Court.

70.    As a further direct and proximate cause of defendants' conduct, plaintiff has been injured and suffered damages, including, but not limited to, past and future employment and employment opportunities, including opportunities for advancement, all to her detriment in an amount in excess of the jurisdictional limits of this Court, according to proof.

71.    Plaintiff is informed, believes, and based thereon alleges the foregoing conduct by defendant Melekian was performed and done intentionally, and/or in conscious disregard of plaintiff's rights, with oppression, fraud, or malice, thereby justifying an award of punitive damages against this individual defendant, according to proof.

## FOURTH CAUSE OF ACTION

(Retaliatory Discharge: Reporting of Information of a Violation of Federal or California Statute to Governmental Agencies [Cal. Labor Code §1102.5(b)] - Against Defendants City and/or Police Department)

72.    Plaintiff refers to the allegations of paragraphs 1 through 46, inclusive, of this Complaint, and by such reference incorporates them herein as if fully set forth at length.

73.    Plaintiff disclosed information of actual or potential violations of Federal or California statutes to governmental and/or law enforcement agencies, including defendants City and Pasadena Police Department, which included but are not limited to:

    a.    On or about April 6, 2005 plaintiff filed a complaint and charge of discrimination under California's Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§12926(k), 12926.1, 12940) with the California Department of Fair Employment and Housing


23

("DFEH") following which the DFEH issued plaintiff a "right to sue" letter;

b.    On or about May 2, 2005 plaintiff filed a claim with defendants City and Police Department for, among other matters,  the illegal, unconsented to listening to and use of the tape recordings of wire tapped conversations in which plaintiff was a participant,  all of which was and is a violation of Penal Code §631;

c.    Prior to May 20, 2005, plaintiff by and through her counsel asserted to and informed defendants City and Police Department that the unconsented to listening to and/or use of wire tapped conversations to which plaintiff was a participant was a violation of California Penal Code §§629.50 et seq., 631 and 18 U.S.C. §2510 et seq.;

d.    On or about January 6, 2006 plaintiff filed a complaint and charge of physical disability harassment and discrimination with the DFEH, following which the DFEH issued plaintiff a "right to sue letter";

e.    On or about December 15, 2005, and February 6, 2006 plaintiff filed complaints in the civil action against defendants City and Police Department which set forth, among other matters, violations of California Penal Code §631(a) and California Government Code §12940;

f.    During the discovery phase of the civil action, and during trial thereof, plaintiff informed and asserted to defendants City and Police Department, violations of California Penal Code §631(a) and California Government Code §12940.

74.    Plaintiff is informed, believes, and based thereon alleges that her termination from employment with the City and/or Police Department was based upon or due to,  in whole or in part, her disclosing to defendants City and Police Department the  violations of California Penal Code §631(a) and California Government Code §12940, all as set forth above.

75.    Plaintiff is informed, believes, and based thereon alleges the conduct by defendants City and/or Police Department in terminating plaintiff under the facts and circumstances set forth above is in violation of California Labor Code §1102.5.



76.     As a direct and proximate cause of the conduct of defendants City and Police Department, and each of them, in terminating plaintiff, plaintiff has suffered general and special damages, including, but not limited to, past and future wage loss and other employment compensation and benefits, all in a sum according to proof.

77.     As a further direct and proximate cause of the conduct of defendants City and Police Department, and each of them, plaintiff has suffered severe mental and emotional pain and suffering, including but not limited to, grief, shame, humiliation, embarrassment, anger, disappointment, damage to reputation, and worry, all in a sum according to proof.

## FIFTH CAUSE OF ACTION

(Violation of Civil Rights [42 U.S.C. §1983] Against All Defendants)

78.     Plaintiff refers to the allegations of paragraphs 1 through 46, inclusive of this Complaint, and by such reference incorporates the same as if fully set forth at length herein.

79.     On or about December 15, 2005 plaintiff filed a civil action against the City and Police Department as Los Angeles Superior Court, Case No. BC344647 (the "civil action") alleging potential or actual discrimination, corruption, or other wrongful conduct by the City and Police Department, including claims for:

a.      Discrimination and/or harassment on account of a perceived disability, all of which is a violation of California Government Code §§§12926(k), 12926.1, 12940; and

b.      The unconsented to use of recorded wiretapped communications to which plaintiff was a party, all of which is illegal and a violation of plaintiff's privacy rights under California Constitution, Art. I, §1, California Penal Code §§629.50 et seq, 631(a), and 18 U.S.C. §2510 et seq.

80.     Plaintiff's civil action was within her right to petition, or seek redress, against a governmental entity such as the City and Police Department, all of which is protected by the First



1    and Fourteenth Amendments of the United States Constitution.

2

3        81.    On or about On April 25, 2007 a Judgment was entered in plaintiff's favor,

4    against the City and the Police Department, in the civil action in the amount of $3 million.  On

5    June 14, 2006 the Court heard and denied all post-trial motions, with the exception it purported

6    to indicate an intent to grant a new trial on damages, unless plaintiff accepted a remittitur to

7    $150,000 in damages, or a judgment of $450,00, but never entered a written order to that effect.

8    Plaintiff did not accept the remittitur.

9

10       82.    On or about June 27, 2007, and immediately after the hearing on the post-trial

11   motions in plaintiff's civil action, defendants initiated the formal paperwork to terminate

12   plaintiff's employment, and on or about August 30, 2007 defendants terminated plaintiff's

13   employment with the Police Department.

14

15       83.    Plaintiff is informed, believes, and based thereon alleges that defendants City

16   and/or Police Department, individually, collectively and/or as delegated to Melekian, established,

17   maintained and/or ratified an unconstitutional policy, decision, directive, action(s) and/or order to

18   deprive plaintiff of her constitutional rights, as set forth below, and terminated plaintiff's

19   employment in retaliation for, caused by, and a direct result of, plaintiff filing and prosecuting

20   her civil action, and the claims and allegations therein, concerning the potential or actual

21   discrimination, corruption, or other wrongful conduct by the City and Police Department as set

22   forth above.

23

24       84.    Defendants, and each of them, did the foregoing acts under color of state law:

25   the City and/or the Police Department were entities charged with enforcing the law; Melekian

26   was the Chief of Police, and a duly sworn law enforcement officer working under and for the

27   City and/or Police Department.

28

85.     As a direct and proximate cause of the deprivation of constitutional rights by defendants, and each of them,  plaintiff was terminated, and  has suffered general and special damages, including, but not limited to, past and future wage loss and other employment compensation and benefits, all in a sum according to proof.

86.     As a further direct and proximate cause of the deprivation of constitutional rights by defendants, and each of them, plaintiff has suffered severe mental and emotional pain and suffering, including but not limited to, grief, shame, humiliation, embarrassment, anger, disappointment, damage to reputation, and worry, all to her detriment in a sum according to proof.

87.     Plaintiff is informed, believes, and based thereon alleges the foregoing conduct by defendant Melekian was performed and done intentionally, and/or in conscious disregard of plaintiff's rights, with oppression, fraud, or malice, thereby justifying an award of punitive damages against this individual defendant, according to proof.

88.     As a further proximate result of defendants conduct, plaintiff has been required to retain counsel to prosecute this action, the reasonable attorney fees for which are sought, according to proof.

WHEREFORE,  plaintiff Karin White  prays for recovery against defendants City of Pasadena, City of Pasadena Police Department, Bernard K. Melekian, and/or Does 1 through 100, inclusive, as follows:

1.     On the First Cause of Action for discrimination based upon a perceived disability against defendants City of Pasadena and Pasadena Police Department

   (a)     For general damages, according to proof;

   (b) -   For special damages, according to proof;

(c)     For reasonable attorney fees pursuant to California Government Code §12985(b), according to proof;

2.     On the Second Cause of Action for asserting rights against retaliation based upon a perceived disability against defendants City of Pasadena and Pasadena Police Department

(a)     For general damages, according to proof;

(b)     For special damages, according to proof;

(c)     For reasonable attorney fees pursuant to California Government Code §12985(b), according to proof;

3.     On the Third Cause of Action asserting harassment based upon a perceived physical disability against all defendants:

(a)     For general damages, according to proof;

(b)     For special damages, according to proof;

(c)     For punitive damages against defendant Melekian and Does 5 through 10, only, according to proof;

(d)     For reasonable attorney fees pursuant to California Government Code §12985(b), according to proof;

4.     On the Fourth Cause of Action against defendants City of Pasadena and Pasadena Police Department for retaliatory discharge in violation of California Labor Code §1102.5:

(a)     For general damages, according to proof;

(b)     For special damages, according to proof;

5.     On the Fifth Cause of Action for violation of civil rights under 42 U.S.C. §1983 against all defendants:

(a)     For general damages, according to proof;

(b)     For special damages, according to proof;

1

    (c)      For punitive damages against defendant Melekian and Does 5

2

through 10, only, according to proof;

3

    (d)      For reasonable attorney fees under 42 U.S.C. §1988.

4

5

6.     For prejudgment interest;

6

7

7.     For costs of suit herein;

8

9

8.     For such other and further remedies as this Court deems just and proper.

10

11

DATED: May 1, 2008           LAW OFFICES OF RICHARD A. LOVE

12

13

By: _____

14

      Richard A. Love

15

      Attorneys for Plaintiff
      KARIN WHITE

16

17

**DEMAND FOR JURY TRIAL**

18

    Plaintiff Karin White  hereby demands trial by jury on all issues and claims set forth in

19

this Complaint which are triable to a jury as a matter of right.

20

21

DATED: May 1, 2008           LAW OFFICES OF RICHARD A. LOVE

22

23

By: _____

24

      Richard A. Love

25

      Attorneys for Plaintiff
      KARIN WHITE

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Richard A. Love (#61944)<br>LAW OFFICES OF RICHARD A. LOVE<br>11601 Wilshire Blvd., Ste. 2000<br>Los Angeles, CA 90025 | **CONFORMED COP**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>MAY 0 2 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _D.M. Swain_<br>D.M. SWAIN    , Deput |

TELEPHONE NO.: (310) 477-2070   FAX NO.: (310) 477-3922

ATTORNEY FOR (Name): Karin White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: WHITE V. CITY OF PASADENA, ET AL.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER BC 390107 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Five (5)
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 1, 2008

Richard A. Love (#61944)
(TYPE OR PRINT NAME)                                       ▶ _[signature]_
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

30

CIVIL CASE COVER SHEET

| SHORT TITLE: WHITE V. CITY OF PASADENA, ET AL. | CASE NUMBER BC390107 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 7-10 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

*31*

LACIV 109  (Rev. 01/07)           CIVIL CASE COVER SHEET ADDENDUM

| SHORT TITLE: WHITE V. CITY OF PASADENA, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*32*

| SHORT TITLE: WHITE V. CITY OF PASADENA, ET AL. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*33*

| SHORT TITLE: WHITE V. CITY OF PASADENA, ET AL. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 207 North Garfield Avenue |

| CITY: Pasadena | STATE: CA | ZIP CODE: 91101 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COURT courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 1, 2008

LAW ~~OFFICES OF RICHARD A.~~ LOVE

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Richard A. Love

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number _____

BC390107

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Mary Thornton-House | 17 | 309 |
| | | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

*35*

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2



*from the*
## LOS ANGELES SUPERIOR COURT
## ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

36

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- ## Chatsworth
- ## Pomona
- ## Santa Monica
- ## Van Nuys
- ## Stanley Mosk (Departments listed below only.)

  Department 15

  Department 16

  Department 28

  Department 30

  Department 31

  Department 32

  Department 38

  Department 42

  Department 47

  Department 50

  Department 52

  Department 55

  Department 56

  Department 68

  Department 71

  Department 89

31

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

| | |
|---|---|
| **MEDIATION** | A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes. |
| | The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12. |
| **ARBITRATION** | A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration. |
| | The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12. |
| **ENE** | A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation. |
| | The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement. |
| | The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12. |
| **SETTLEMENT CONFERENCE** | A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case. |

## JURISDICTIONAL LIMITATIONS

| | |
|---|---|
| **MEDIATION, ARBITRATION & ENE** | Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court. |
| | Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute. |
| **SETTLEMENT CONFERENCE** | Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit. |

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

38

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| **PARTY PAY PANEL** | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **PRO BONO PANEL** | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **ENE** | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| **PRIVATE NEUTRAL** | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

*39*

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

| **What does it cost?** | **Legal Advice/Information** |
|---|---|
| The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals. | If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center. |
| **What is the difference between the contractors listed and the Superior Court ADR Office?**<br><br>The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case. | **Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org<br><br>**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org<br><br>**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings. |

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

ADR 007 07-04
LASC Approved

41

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NUMBER          Reserved for Clerk's File Stamp

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

42

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

ADR 001 10-04
LASC Approved.
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

NOTICE SENT TO:

RECEIVED 2008

Love, Richard A., Esq.
Law Offices of Richard A. Love
11601 Wilshire Boulevard, Suite 2000
Los Angeles,          CA   90025-1756

ORIGINAL FILED

MAY 1 5 2008

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

KARIN WHITE

                              Plaintiff(s),
                VS.

CITY OF PASADENA ET AL

                              Defendant(s).

| CASE NUMBER |
| BC390107 |

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  August 20, 2008  at  8:30 am  in  Dept. 64  at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  May 5, 2008

                                                    Kenneth R. Freeman
                                            _____
                                                    Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[   ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date:  May 5, 2008

                                            John A. Clarke, Executive Officer/Clerk

                                            by  _____F. Lopez_____ , Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

44

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

BANNAN, FRANK & TERZIAN LLP
RICHARD R. TERZIAN, ESQ., State Bar No. 030300
555 S. Flower Street, Suite 2700
Los Angeles, California 90071
Telephone (213) 362-1177
Facsimile (213) 362-1188

Attorneys for Defendants
City of Pasadena, Pasadena Police Department
and Bernard K. Melekian

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 20 2008

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
A.E. LaFLEUR-CLAYTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| KARIN WHITE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PASADENA, a governmental entity, CITY OF PASADENA POLICE PARTMENT, a governmental entity, BERNARD K. MELEKIAN, an individual and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. BC390107<br><br>ANSWER OF DEFENDANTS TO COMPLAINT<br><br><br>Exempt From Fee Pursuant To Government Code Section 6103 |

Defendants City of Pasadena, City of Pasadena Police Department and Bernard K. Melekian ("Defendants") for themselves alone submit their answer herewith to the Complaint of Plaintiff Karin White ("Plaintiff"):

### GENERAL DENIAL

1.      Pursuant to Code of Civil Procedure Section 431.30(d) Defendants, and each of them, deny generally and specifically each and every allegation set forth in the Complaint.

///

45

1

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Exclusive Remedy of Worker's Compensation)

3       7.    To the extent that Plaintiff's Complaint, or any purported cause of action

4  therein, alleges emotional or physical injury, any recovery is barred by the exclusive

5  remedy under the California Workers' Compensation Law, Labor Code Section 3200 et

6  seq.

7

8

## SEVENTH AFFIRMATIVE DEFENSE

9

### (Absence of Ratification)

10       8.    No alleged acts of discrimination or other civil wrongs allegedly committed

11  against plaintiff, if any occurred, were authorized, ratified or approved by Defendants.

12

13

## EIGHTH AFFIRMATIVE DEFENSE

14

### (Business Necessity)

15       9.    All of Defendants' actions taken with respect to plaintiff were based on a

16  good faith belief that a legitimate business interest required the action, or entitled them to

17  perform the action.  Accordingly, if the alleged practices, policies, usages,  or customs of

18  Defendants, or any of them, are deemed "discriminatory" or "retaliatory" or "harassing"

19  they are justified by the business necessity inherent in its operations and are, therefore,

20  not unlawful.

21

22

## NINTH AFFIRMATIVE DEFENSE

23

### (Manager's Privilege)

24       10.    Each and every act done or statement made by Defendants with reference to

25  Plaintiff were good faith assertions of their rights and, therefore, were privileged,

26  including, without limitation, by the manager's privilege and/or immunity.

27  ///

28  ///

**47** 3

1   |   TENTH AFFIRMATIVE DEFENSE

2   |   (Lack of Knowledge)

3   11.   At all times mentioned in the Complaint, Defendants' actions were

4   undertaken in good faith and in the reasonable belief that such actions were lawful and

5   valid.  Defendants did not know, nor should they have known, that they were allegedly

6   violating Plaintiff's rights.

7

8   |   ELEVENTH AFFIRMATIVE DEFENSE

9   |   (Failure to Exhaust)

10   12.   Any of Plaintiff's alleged claims which require exhaustion of internal,

11   administrative, or judicial remedies before institution of suit are barred for failure to

12   properly exhaust those internal, administrative, and judicial remedies.

13

14   |   TWELFTH AFFIRMATIVE DEFENSE

15   |   (Failure to Mitigate)

16   13.   Plaintiff has failed to mitigate her alleged damages, if any.

17

18   |   THIRTEENTH AFFIRMATIVE DEFENSE

19   |   (Statute of Limitations)

20   14.   Some or all of Plaintiff's causes of action against one or more of

21   Defendants are barred by the statutes of limitations.

22

23   |   FOURTEENTH AFFIRMATIVE DEFENSE

24   |   (Unclean Hands)

25   15.   Some or all of Plaintiff's causes of action against Defendants are barred by

26   her unclean hands and inequitable conduct in connection with the matters in the

27   Complaint.

28   ///

**48** 4

ANSWER OF DEFENDANTS TO COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Collateral Estoppel)

3      16.     Some or all of Plaintiff's claims are barred by the doctrine of collateral

4    estoppel.

5

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### (Res Judicata)

8      17.     Some or all of Plaintiff's claims are barred by the doctrine of res judicata.

9

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

### (Laches)

12      18.     Some or all of Plaintiff's claims are barred by the doctrine of laches.

13

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

### (After-Acquired Evidence)

16      19.     Some or all of Plaintiff's claims for damages under her alleged causes of

17    action, if any, are limited or barred by after-acquired evidence.

18

19

## NINETEENTH AFFIRMATIVE DEFENSE

20

### (Unconstitutionality of Punitive Damages as Applied)

21      20.     Plaintiff's claim for punitive damages is invalid as applied to Melekian

22    pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth,

23    and Fourteenth Amendments of the United States Constitution, as well as Article I,

24    Sections 7, 9, 15, and 17 and Article IV, Section 16 of the California Constitution.

25

26

## TWENTIETH AFFIRMATIVE DEFENSE

27

### (Assumption of Risk)

28      21.     Plaintiff assumed the risk of injury for her actions and the results thereof.

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2

#### (Immunity)

3      22.      Defendants are immune from liability for their actions by the application of

4   one or more of the immunities set forth in the California Government Code, including but

5   not limited to the immunities set forth in §§ 815.2, 815.3, 818.2, 818.8, 820.2, 820.4,

6   820.8, and 821, 821.6, and Civil Code § 47.

7

8

### TWENTY-SECOND AFFIRMATIVE DEFENSE

9

#### (FEHA Claim)

10     23.      Plaintiff's Complaint, and each cause of action set forth therein, is barred in

11   whole or in part in that Plaintiff failed to file the administrative or judicial complaint(s)

12   against Defendants within the time required by law, including Government Code Section

13   12965.

14

15

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16

#### (Waiver)

17     24.      Plaintiff's Complaint, and each cause of action set forth therein, is barred in

18   whole or in part in that Plaintiff has waived and/or relinquished the claims or causes of

19   action being asserted in this action.

20

21

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22

#### (Additional Defenses)

23     28.      Defendants are informed and believe, and based thereon allege, that certain

24   additional affirmative defenses are available to Defendants.  Said affirmative defenses

25   will require a certain amount of discovery and/or investigation before they can properly

26   be alleged.  Defendants will move to amend their Answer to allege such additional

27   affirmative defenses once they have been fully ascertained and can be properly pleaded.

28   Said affirmative defenses are not being brought at this time due to lack of time and/or

*50* 6

1 | information in which to plead them.

2

3 |     WHEREFORE, Defendants and each of them pray that:

4 | a.     The Complaint be dismissed with prejudice;

5 | b.     Defendants be awarded their costs and attorneys' fees incurred herein;

6 | c.     Such other and further relief as the Court deems just.

7

8 | DATED: May 19, 2008          BANNAN, FRANK & TERZIAN LLP

9 |                              RICHARD R. TERZIAN

10

11 |                             By _____

12 |                                RICHARD R. TERZIAN, ESQ.
                                    Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51   7

**PROOF OF SERVICE**

I, JoAnn G. Johnson, declare as follows:

1.  I am employed in the County of Los Angeles, State of California and am over the age of 18 and not a party to the within action.  My business address is: 555 South Flower Street, Suite 2700, Los Angeles, California 90071.

2.  On May 19, 2008 I served the foregoing document described as **ANSWER OF DEFENDANTS TO COMPLAINT** on interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope addressed as follows:

> Richard A. Love, Esq.
> 11601 Wilshire Blvd., Suite 2000
> Los Angeles, CA  90025

[X]  BY MAIL I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  BY FEDERAL EXPRESS I caused such documents to be served via Federal Express to the office of the addressee.

[ ]  BY PERSONAL SERVICE I caused such envelope to be delivered by hand to the office of the addressee.

[ ]  BY TELEFACSIMILE I caused such documents to be served via facsimile transmittal to the office of the addressee.

[X] STATE          [ ] FEDERAL

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct and if called upon, I could and would competently testify thereto.

Executed on May 19, 2008, Los Angeles, California.

_____
JOANN G. JOHNSON

52   1

**PROOF OF SERVICE**

I, Julie D. Anderson, declare as follows:

1. I am employed in the County of Los Angeles, State of California and am over the age of 18 and not a party to the within action. My business address is: 555 South Flower Street, Suite 2700, Los Angeles, California 90071.

2. On May 22, 2008 I served the foregoing document described as *Notice of Removal of Civil Action to United States District Court Under 28 U.S.C. § 1441* on interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope addressed as follows:

Richard A. Love, Esq.
11601 Wilshire Blvd., Suite 2000
Los Angeles, CA  90025

☒ BY MAIL I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FEDERAL EXPRESS I caused such documents to be served via Federal Express to the office of the addressee.

☐ BY PERSONAL SERVICE I caused such envelope to be delivered by hand to the office of the addressee.

☐ BY TELEFACSIMILE I caused such documents to be served via facsimile transmittal to the office of the addressee.

☐ STATE        ☒ FEDERAL

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct and if called upon, I could and would competently testify thereto.

Executed on May 22, 2008, Los Angeles, California.

JULIE D. ANDERSON

53